

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
05/09/2011

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| JANE RASHAD, | ) ) | CASE NO. 10-34549-H3-11 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of Garza Properties LLC d/b/a Garza Maldonado Properties LLC for Relief from Automatic Stay to Proceed with State Court Litigation" (Docket No. 44). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion.[1] To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jane Rashad ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 30, 2010.

On June 17, 2008, J. Michael Kelly, an attorney who had represented Debtor's former husband, Mohammed N. Rashad, in a divorce proceeding in California, obtained a judgment against

---

[1] The court will also enter a separate order abstaining from Adversary No. 10-3433.

Debtor for $79,761.83, in a proceeding in California.  Kelly domesticated the judgment in Texas, and on December 21, 2009, obtained a writ of execution and order of sale as to property located at 2341 Maroneal, Houston, Texas.  The sale was scheduled for March 2, 2010.  (Movant's Exhibit 2).

On March 2, 2010, the date of the scheduled sale, Debtor executed a special warranty deed conveying the property to her son, Mark Rosetta.  The deed was recorded in the real property records of Harris County, Texas on March 2, 2010 at 10:17 a.m.  (Movant's Exhibit 1).

The Harris County Constable, Precinct 5, conducted a levy and sale of the property on March 2, 2010, and struck off the sale to Garza Properties, LLC ("Movant").

In Adversary Proceeding No. 10-3433, Debtor has sought avoidance of the March 2, 2010 sale to Movant.  Debtor asserts that the sale is void, because Debtor's obligations to Kelly under the June 17, 2008 judgment were extinguished by a subsequent stipulation; that the writ of execution was improperly obtained; that the judgment lien could not attach to the property because it was Debtor's homestead; and that the transfer to Movant was either a fraudulent transfer or a preference.  (Docket No. 1, Adv. No. 10-3433).

In the instant motion, Movant seeks relief from stay in order to litigate any claims it may have against Debtor in a

state court case.[2]  Movant asserts that there is cause for lifting of the stay, in light of the transfer of the property from Debtor to Rosetta on the date of the scheduled foreclosure sale.

Debtor testified at the hearing on the instant motion that she conveyed the property to Rosetta on March 2, 2010.  She testified that Rosetta has never conveyed the property back to her.  She testified that she no longer has an interest in the property.  She testified that she anticipates Rosetta will convey the property back to her if she is successful in obtaining avoidance of the foreclosure sale.

Debtor testified that she lived in a home located on the property until 2005, when the home was destroyed by fire.  She testified that she did not attempt to build another home at the property, because the divorce was pending.

During 2007 and 2008, Debtor filed notices designating a different property as her homestead.  (Movant's Exhibits 10, 11).

## Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the

---

[2] The state court case was originally filed by the taxing authorities in Harris County against Debtor and Debtor's husband.  Debtor's husband died in February, 2010.  The taxing authorities have nonsuited Debtor and her husband, but continued suit against Movant, Kelly, Rosetta, and others claiming an interest in the property. (Movant's Exhibit 5).  Movant has filed cross-claims against the other parties (Movant's Exhibit 6), but there is no evidence that it has filed claims against Debtor in the state court suit at this time.

court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause.  Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. <u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court considers whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  <u>In re Namazi</u>, 106 B.R. 93 (Bankr. E.D. Va. 1989).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property.  The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In the instant case, Debtor testified that she conveyed the property to Rosetta.  Thus, she does not retain title to the property.  The property is not Debtor's homestead.  Debtor presented no evidence as to the necessity of the property for an effective reorganization.  There is no demonstration of a hardship to Debtor in permitting suit to go forward in the state court.  The court has previously abstained from Movant's suit

against other lienholders of record as to the property. Debtor is able to assert any cause of action she may have against Movant or Kelly with respect to the property addressed in the instant motion. The court concludes that the stay should lift, to permit Movant and Debtor to assert their respective rights with respect to the property located at 2341 Maroneal, Houston, Texas, in Cause No. 2009-72907, in the 270th Judicial District Court of Harris County, Texas.

Based on the foregoing, a separate Judgment will be entered granting the "Motion of Garza Properties LLC d/b/a Garza Maldonado Properties LLC for Relief from Automatic Stay to Proceed with State Court Litigation" (Docket No. 44).

Signed at Houston, Texas on May 9, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE